**STARKS MECHANICAL, INC.,**
Appellant–Defendant,

v.

**NEW ALBANY–FLOYD COUNTY CONSOLIDATED SCHOOL COR-PORATION, Appellee–Plaintiff.**

No. 22A01–0510–CV–480.

Court of Appeals of Indiana.

Oct. 6, 2006.

Dan A. Patterson, Patterson, Jones & Tucker, Columbus, IN, George P. Parker, Benjamin S. Shively, Parker & O'Connell, PLLC, Louisville, KY, for Appellant.

John W. Woodard, Jr., Wyatt, Tarrant & Combs, LLP, Louisville, KY, for Appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Starks Mechanical, Inc., (Starks) appeals from the trial court's order granting summary judgment in favor of appellee-plaintiff The New Albany–Floyd County Consolidated School Corporation (School) on the School's declaratory judgment complaint against Starks. Specifically, Starks argues that the trial court misinterpreted the parties' contract and that there is a genuine issue of material fact rendering summary judgment inappropriate.

Additionally, the School cross-appeals from the trial court's order denying the School's motion to strike Starks's designated evidence in opposition to the School's summary judgment motion. Finding that summary judgment in favor of the School was proper even if the trial court properly denied the motion to strike, we affirm the judgment of the trial court.

### FACTS

On June 5, 2002, Starks entered into a contract (Contract) with the School to provide mechanical and plumbing services in connection with the expansion, renovation, and improvement of the School's Hazelwood Middle School property. Starks was to provide all labor, material, equipment, and related items needed for the installation, testing, and use of the mechanical and plumbing systems in accordance with the plans and design specifications set forth in the Contract.

Starks discovered a number of alleged material defects in the design specifications and plans provided by the School. Thus, on July 17, 2002, Starks sent a Request for Information (RFI) to the Construction Manager to provide notice of the

design defects and accompanying delays and to request time extensions and change orders. Starks proceeded to submit numerous RFIs to the Construction Manager as construction progressed to provide notice of other problems allegedly caused by the defects in the design specifications and plans. In essence, the School instructed Starks to proceed with construction and to correct any design defects. Thus, Starks hired an engineer to review the design specifications and plans and to recommend changes to be made to the documents.

Starks did not include costs for redesign in the many RFIs it submitted to the Construction Manager. On April 29, 2004, as construction neared completion, Starks submitted "Payment Application No. 23.1" to the School and included a line item entitled "Engineering Deficiencies" for the amount of $1,342,593.88. Appellant's Am. App. p. 142, 155. This payment application was the first notice the School received of Starks's claim for additional payment although the claim admittedly arises from alleged design deficiencies dating back to 2002.

Starks had not previously requested a Change Order for additional payment for engineering until May 5, 2004, when it submitted a Change Order Request for $1,342,593.88 attributed to "engineering deficiencies." *Id.* at 143, 157–59. The School denied Starks's Change Order Request, and on February 15, 2005, Starks reduced its claim for additional payment to $1,200,690.91 and submitted a Revised Change Order Request, which the School denied.

On April 4, 2005, the School filed a complaint against Starks seeking a declaratory judgment that Starks is not entitled to additional payment under the Contract because it failed to provide timely written notice of its claim as required by the Contract. The School pointed to a number of Contract provisions supporting its argument:

### 4.7 CLAIMS AND DISPUTES

**4.7.1 Definition.** A Claim is a demand or assertion by one of the parties seeking, as a matter of right, adjustment or interpretation of Contract terms, payment of money, extension of time or other relief with respect to the terms of the Contract. *The term "Claim" also includes other disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract. Claims must be made by written notice.* The responsibility to substantiate Claims shall rest with the party making the Claim.

\* \* \*

**4.7.3 Time Limits on Claims.** Claims by either party must be made within 14[1] days after occurrence of the event giving rise to such Claim or within 14 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later. Claims must be made by written notice. An additional Claim made after the initial Claim has been implemented by Change Order will not be considered unless submitted in a timely manner. *In the case of continuing delay, the Claim along with estimated associated costs must be updated weekly and submitted to the Construction Manager for the duration.*

\* \* \*

**4.7.7 Claims for Additional Cost.** If the Contractor wishes to make [a] Claim

1. The time limit for claims contained in Section 4.7.3 was reduced from 21 days to 14 days by the "Modifications to General Conditions." Appellant's App. p. 63, 91. Additionally, the final sentence of Section 4.7.3 was added by the Modifications to General Conditions. *Id.*

for an increase in the Contract Sum, written notice as provided herein shall be given before proceeding to execute the Work. . . .

\* \* \*

### 8.3. DELAYS AND EXTENSIONS OF TIME

**8.3.1** If the Contractor is delayed at any time in progress of the Work by an act or neglect of the Owner's own forces . . . or by changes ordered in the Work . . . then the Contract Time shall be extended by Change Order for such reasonable time as the Architect may determine.

**8.3.2** *Claims relating to time shall be made in accordance with the applicable provisions of paragraph 4.7.*

**8.3.3** *This Paragraph 8.3 does not preclude the recovery of damages for delay by either party under other provisions of the Contract Documents.*

Appellant's Am.App. p. 63, 68–69, 91 (emphases added).

On May 3, 2005, the School filed a motion for summary judgment, arguing that pursuant to the terms of the Contract, Starks failed to provide timely written notice of its claim for additional payment and that, consequently, the School was entitled to declaratory judgment as a matter of law. On June 7, 2005, Starks filed its response and designation of evidence in opposition to the School's summary judgment motion. On June 29, 2005, the School filed a motion to strike Starks's untimely designation of evidence.

On September 7, 2005, the trial court held a hearing on, among other things, the School's motions for summary judgment and to strike Starks's designated evidence in opposition thereto. Following the hearing, on October 3, 2005, the trial court denied the School's motion to strike and granted the School's motion for summary judgment.[2] Starks now appeals the order granting summary judgment in favor of the School and the School cross-appeals the denial of its motion to strike.

### DISCUSSION AND DECISION

#### I. Cross–Appeal

The School argues that the trial court erred in denying its motion to strike Starks's designated evidence in opposition to the summary judgment motion. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Utility Ctr., Inc. v. City of Fort Wayne*, 834 N.E.2d 686, 691 (Ind.Ct.App. 2005). We will reverse such an exercise of discretion only when the decision is clearly against the logic and effect of the facts and the circumstances before the trial court. *Id.*

Indiana Trial Rule 56(C) provides that the nonmovant has thirty days after being served with a motion for summary judgment to serve a response and any opposing affidavits. Trial Rule 6(E) provides that when a motion is served by mail, an additional three days shall be added to the prescribed period. Furthermore, Trial Rule 56(I) states that the trial court may alter any time limit set forth in Rule 56 for cause shown.

Here, the School filed its summary judgment motion on May 3, 2005. Thirty-four days later, on June 7, 2005, Starks filed its response and designated evidence in opposition to the School's summary judgment

---

**2.** On June 1, 2005, Starks filed a counterclaim for additional payment against the School. The School filed a motion to stay proceedings on the counterclaim, and on October 3, 2005, the trial court granted that motion. Consequently, Starks's counterclaim is still pending before the trial court.

motion. Because Starks served the response and designated evidence by mail, Trial Rule 6(E) allows for three additional days to be added to the thirty-day time limit. At most, therefore, Starks was one day late.

The School directs our attention to *Desai v. Croy,* in which we concluded that when a nonmovant fails to respond to a summary judgment motion within thirty days,

> the trial court lacks discretion to permit that party to thereafter file a response. In other words, a trial court may exercise discretion and alter time limits under 56(I) only if the nonmoving party has responded or sought an extension within thirty days from the date the moving party filed for summary judgment.

805 N.E.2d 844, 850 (Ind.Ct.App.2004), *trans. denied.* In *Desai,* the nonmovant filed her response nearly thirty days late and her affidavit nearly four months late, which was only three days before the summary judgment hearing.

Here, the trial court concluded that the circumstances presented by this case are significantly different from those found in *Desai* because Starks was only one day late in filing its response and there were still approximately ninety days before the summary judgment hearing. Members of this court have disagreed regarding the application of the *Desai* rule, and notwithstanding this author's opinion, the prevailing conclusion is that the rule announced in *Desai* is a bright-line rule. Thus, even though Starks was merely one day late, *Desai* stands for the proposition that the trial court had no discretion to allow Starks to file its response and designated evidence.

We conclude below, however, that summary judgment in favor of the School was proper even if Starks's response and designated evidence are part of the record. Thus, we need not decide whether the trial court properly denied the School's motion to strike in order to reach and rule upon the dispositive issues raised by Starks's appeal.

## II. Appeal

Starks appeals the trial court's order granting summary judgment in favor of the School, arguing that the trial court misinterpreted the Contract as a matter of law and that there is a genuine issue of material fact regarding whether Starks submitted proper written notice. As we consider these arguments, we observe that summary judgment is appropriate only if the pleadings and evidence considered by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Owens Corning Fiberglass Corp. v. Cobb,* 754 N.E.2d 905, 909 (Ind.2001); *see also* Ind. Trial Rule 56(C). On a motion for summary judgment, all doubts as to the existence of material issues of fact must be resolved against the moving party. *Owens Corning,* 754 N.E.2d at 909. Additionally, all facts and reasonable inferences from those facts are construed in favor of the nonmoving party. *Id.* If there is any doubt as to what conclusion a jury could reach then summary judgment is improper. *Id.*

An appellate court faces the same issues that were before the trial court and follows the same process. *Id.* at 908. The party appealing from a summary judgment decision has the burden of persuading the court that the grant or denial of summary judgment was erroneous. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

Construction of written contracts is generally a question of law for which summary judgment is particularly appropriate. *Forty–One Assocs., LLC v. Bluefield Assocs., L.P.,* 809 N.E.2d 422, 427 (Ind.Ct.App.2004). When the terms of a contract are clear and unambiguous, those terms are conclusive and courts will simply apply the contract provisions rather than construing the contract or examining extrinsic evidence. *Id.* The contract must be read as a whole so as not to render any words, phrases, or terms ineffective or meaningless. *Id.*

Here, the Contract defines "Claim" to include all "disputes and matters in question between the Owner and Contractor arising out of or relating to the Contract." Appellant's Am.App. p. 63. Pursuant to the Contract, Claims must be made "within 14 days after occurrence of the event giving rise to such claim or within 14 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later." *Id.* p. 63, 91. All Claims must be made by written notice, and, "[i]n the case of continuing delay, the Claim along with estimated associated costs must be updated weekly and submitted to the Construction Manager for the duration." *Id.* p. 91. Finally, paragraph 8.3, which covers delays experienced by Starks that were caused by an act or neglect of the School, provides that Claims relating to time must be made in accordance with the foregoing provisions of paragraph 4.7. *Id.* p. 68–69, 91.

The clear and unambiguous terms of the Contract lead us to conclude that Starks's request for additional payment was a Claim, inasmuch as it was a demand seeking payment of money and a dispute that arose out of and was related to the Contract. Starks was required, therefore, to submit written notice of the Claim within 14 days, and because it was a case of continuing delay, Starks was required to submit and update the Claim along with estimated associated costs on a weekly basis. The undisputed facts in the record establish that Starks submitted neither timely written notice of its Claim nor the required weekly updates.

Starks urges that it is seeking "delay damages" rather than "additional costs," as found by the trial court. Appellant's Am. Br. p. 8. According to Starks, "delay damages" are not subject to the notice requirements of Sections 4.7.3 and 4.7.7 of the Contract. Starks bases this argument upon *Osolo School Buildings, Inc. v. Thorleif Larsen & Son of Indiana,* in which a panel of this court distinguished between additional costs and delay damages. 473 N.E.2d 643, 645 (Ind.Ct.App.1985). Ultimately, we concluded that we would not necessarily treat claims for additional costs and delay damages in the same way "in the absence of express language in the construction contract equating the treatment of [such] claims...." *Id.* In *Osolo,* the contract at issue was silent with respect to the procedure for delay damage claims, so we refused to "infer that the parties intended to treat claims for delay damages according to the same stringent requirements" imposed upon additional cost claims. *Id.* at 646.

It is readily apparent, however, that *Osolo* is inapposite to the instant case, inasmuch as the Contract herein contains express language equating the treatment of Claims for delay damages to the treatment of all other Claims. In particular, the Contract requires that Claims relating to delays and extensions of time must be made in accordance with the notice provisions governing all other Claims and further requires that in the case of continuing delay, Starks was required to submit weekly updates to the Construction Manager. Appellant's Am.App. p. 63, 68–69,

91. Thus, there is no basis in the Contract to distinguish between so-called "delay damages" and "additional costs."

■ It may very well be true that Starks incurred substantial additional costs because of engineering deficiencies and the School's insistence that Starks solve any problems and proceed with construction as scheduled. But to preserve its right to recover those costs, Starks was required to submit a Claim within fourteen days and to submit weekly updates thereafter. Starks first became aware of the design deficiencies as early as July 17, 2002, barely one month after the parties executed the Contract. Although it proceeded to submit numerous RFIs to the Construction Manager, it waited until April and May 2004—nearly two years following its discovery of the problems—to submit a Change Order Request and request for additional payment to the School. Starks executed the Contract and is bound by its terms. Thus, its failure to provide timely written notice to the School bars Starks from recovering the additional requested payment.

■ Starks next argues that there is a genuine issue of material fact with regard to written notice it provided to the School. In particular, it argues that the numerous RFIs that it submitted to the Construction Manager were sufficient written notice to comply with the Contractual requirements.[3] But the Contract explicitly requires that Starks submit weekly updates of the Claim and estimated associated costs to the Construction Manager for the duration of the delay. Appellant's Am. App. p. 91. Starks admits that, at the least, it did not submit weekly updates of

estimated associated costs to the Construction Manager. Appellant's Am. Br. p. 17–18. Moreover, the RFIs did not in any way suggest that Starks was putting the School on notice of a Claim for additional payment. Consequently, as a matter of law, Starks failed to comply with the terms of the Contract. Under these circumstances, we conclude that the trial court properly granted summary judgment in favor of the School.

The judgment of the trial court is affirmed.

VAIDIK, J., and CRONE, J., concur.

---

3. As support for its arguments throughout its brief, Starks repeatedly refers to "eleven binders of supporting evidence" that accompanied its February 14, 2005, Revised Change Order. Appellant's Am. Br. p. 17. Inasmuch as these

eleven binders are not part of the record on appeal—and apparently were not provided to the trial court—we cannot rely on the information contained therein as we analyze Starks's arguments.