

**FILED**

Feb 17 2020, 9:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin M. L. Jones
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

David E. Mosley
Jeffersonville, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana ex rel. Curtis T. Hill, Jr., Attorney General of Indiana, <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> Tonia Jones-Elliott, <br><br> *Appellee-Defendant.* | February 17, 2020 <br><br> Court of Appeals Case No. 19A-PL-588 <br><br> Appeal from the Crawford Circuit Court <br><br> The Honorable Sabrina R. Bell, Judge <br><br> Trial Court Cause No. 13C01-1711-PL-13 |

**Najam, Judge.**

## Statement of the Case

[1] The State sued Tonia Jones-Elliott, a payroll clerk for Crawford County, for having allegedly failed to withhold certain employee insurance contributions from her own paychecks. The State moved for summary judgment and

designated as evidence admissions that the State had served on Jones-Elliott and to which she had not timely responded. After three continuances, Jones-Elliott moved for a fourth continuance to respond to the State's motion for summary judgment and to have her admissions withdrawn, but those motions were filed with the trial court three days after the court's deadline to respond to the State's summary judgment motion. Nonetheless, over the State's objections, the trial court granted both of Jones-Elliott's motions.

[2] The issue in this appeal is whether the trial court abused its discretion in granting Jones-Elliott's untimely motions. We hold that it did. Our Supreme Court has made clear that the Indiana Trial Rules impose a "bright-line rule" in summary judgment proceedings such that, even where the summary judgment nonmovant is "merely one day late" in serving a response to the summary judgment motion, "the trial court ha[s] no discretion to allow [the nonmovant] to file [her] response and designated evidence." *Mitchell v. 10th and The Bypass, LLC*, 3 N.E.3d 967, 972-73 (Ind. 2014) (quoting *Starks Mech. Inc. v. New Albany-Floyd Cty. Consol. Sch. Corp.*, 854 N.E.2d 936, 940 (Ind. Ct. App. 2006)). Accordingly, we reverse and remand for further proceedings on the State's motion for summary judgment.

## Facts and Procedural History

[3] On November 2, 2017, the State filed its civil complaint against Jones-Elliott. In its complaint, the State alleged that Jones-Elliott, a payroll clerk for Crawford County, had failed to withhold more than $1,000 in employee

insurance contributions from her own paychecks. The State further alleged that Jones-Elliott's actions entitled the State to treble damages, costs, and fees.

[4] After Jones-Elliott filed her answer, the State served her with requests for admissions pursuant to Indiana Trial Rule 36. Those requests included the following two statements:

> REQUEST NO. 14: As a Payroll Clerk for the County, you committed acts of malfeasance, misfeasance, and/or nonfeasance.

> *       *       *

> REQUEST NO. 15: During the audit period, as Payroll Clerk for the County, you misappropriated $1,118.82 in public funds by failing to withhold employee contributions from your paycheck on 13 occasions.

Appellant's App. Vol. 2 at 52-53 (bold removed). Jones-Elliott did not respond to those requests within thirty days. Accordingly, on March 20, 2018, the State filed its notice with the trial court that, pursuant to Rule 36, the requests were deemed admitted.

[5] On July 30, the State moved for summary judgment on its complaint. The State designated Jones-Elliott's failure to respond to the State's requests for admissions as evidence that there were no genuine issues of material fact. And, in its brief to the trial court, the State substantially relied on Jones-Elliott's failure to respond to the requests for admissions in asserting that it was entitled to judgment as a matter of law.

[6] Two weeks after the State filed its motion for summary judgment, Jones-Elliott moved for an extension of time in the amount of sixty days in which to hire new counsel and respond to the State's motion. The State did not object, and the trial court granted the request. Thereafter, the State also moved to continue the summary judgment proceedings for an additional thirty days to continue settlement negotiations with Jones-Elliott, which request the court granted. The court ordered Jones-Elliott to file her response to the State's summary judgment motion by December 1.

[7] On November 27, Jones-Elliott, now represented by new counsel, moved for a third extension of time in which to respond to the State's summary judgment motion. The State again did not object, and the trial court granted the motion. The court ordered Jones-Elliott to respond to the State's motion no later than Monday, December 31.

[8] Jones-Elliott did not respond by or on Monday, December 31. Instead, three days later on Thursday, January 3, 2019, Jones-Elliott filed two new motions with the trial court. First, Jones-Elliott moved for a fourth extension of the deadline for her to respond to the State's motion for summary judgment. According to that motion, Jones-Elliott's delay in responding to the State's summary judgment motion had been based on "serious good faith efforts by the parties to reach a resolution by agreement," that "there was regular attention to this matter by the defense," including a "follow up" email to the State on December 4, 2018, and that the State "did not . . . reply" to that email "until the

afternoon of December 31. At that time, defense counsel was out of the office and remained so until 1-2-2019." *Id.* at 188-89.

[9] Second, Jones-Elliott moved to withdraw her admissions. According to that motion, Jones-Elliott had received the requests for admissions "in person and answered and delivered them to her attorney prior to the expiration of the time for answering said Requests in March of 2018." *Id.* at 171. However, her prior attorney had failed to submit her answers to the State.

[10] The State objected to Jones-Elliott's requests for an additional extension of time and to withdraw her admissions. The trial court overruled the State's objections and granted both of Jones-Elliott's motions. The court then certified its orders for interlocutory appeal, which we accepted.

## Discussion and Decision

[11] We review a trial court's decisions on continuances and discovery for an abuse of discretion. *E.g.*, *Bedolla v. State*, 123 N.E.3d 661, 666 (Ind. 2019); *Gibson v. State*, 43 N.E.3d 231, 236 (Ind. 2015). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Mitchell*, 3 N.E.3d at 970. A trial court also abuses its discretion when it misinterprets the law. *Id.*

[12] With respect to summary judgment practice, our Supreme Court has said:

> Trial Rule 56 governs motions for summary judgment and provides in pertinent part:

**(C) Motion and proceedings.** The motion and any supporting affidavits shall be served in accordance with the provisions of Rule 5. An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits. The court may conduct a hearing on the motion. However, upon motion of any party made no later than ten (10) days after the response was filed or was due, the court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion.

Apart from the text of Rule 56 itself, our case authority has established the procedure governing the admissibility of evidence that may be considered on a motion for summary judgment. In *Borsuk v. Town of St. John*, 820 N.E.2d 118 (Ind. 2005), we first acknowledged a rule prohibiting the consideration of new evidence that had not been previously designated within the 30-day time limit imposed by Trial Rule 56(C). The trial court in that case entered summary judgment in favor of the Town upon the landowner's contention that a rezoning request amounted to an unconstitutional taking of the landowner's property. Although affirming the decision of the trial court on grounds that there was no taking, we nonetheless addressed a procedural point adverse to the Town:

> When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period. Since th[e] affidavit

[submitted by the Town] was untimely filed, the trial court improperly admitted it into evidence. Even further, since the 30-day period lapsed with no filings, the trial court should not have admitted any of the Town's subsequent briefs or affidavits.

*Id.* at 124 n.5 (citing *Desai v. Croy*, 805 N.E.2d 844, 850 (Ind. Ct. App. 2004), *trans. denied*).

Three years later, in *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95 (Ind. 2008), the Court acknowledged that "prior case law ha[d] been somewhat inconsistent regarding the authority of a trial judge to consider affidavits filed after the thirty-day deadline in Rule 56(C)." *Id.* at 98 (citing cases). We noted however that "[a]ny residual uncertainty" about the inconsistent case law was resolved in *Borsuk* when, citing *Desai* with approval, the Court declared: "When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period." *Id.* at 98-99 (quoting *Borsuk*, 820 N.E.2d at 124 n.5). *In essence,* HomEq *reaffirmed the bright-line rule first declared in* Desai *which precludes the late filing of responses in opposition to a motion for summary judgment. See, e.g., Starks Mech. Inc. v. New Albany-Floyd Cnty. Consol. Sch. Corp.*, 854 N.E.2d 936, 940 (Ind. Ct. App. 2006) (noting the "bright-line rule" and declaring, "even though [the non-movant] was merely one day late [in serving his response to a summary judgment motion], *Desai* stands for the proposition that the trial court had no discretion to allow [the non-movant] to file its response and designated evidence").

Now firmly entrenched as an article of faith in Indiana law, this bright-line rule provides clarity and certainty to an area of the law that for too long lacked both. . . .

*Id.* at 971-73 (footnotes omitted; alterations in original).

[13]     Here, the State filed its motion for summary judgment on July 30, 2018, triggering the initial thirty-day deadline for Jones-Elliott's response. Within that initial timeframe, Jones-Elliott filed the first motion for an extension of time. The State then filed the second motion, and Jones-Elliott filed the third motion, both of which were filed within the extended timeframes. At that point, Jones-Elliott had through December 31, 2018, to respond to the State's motion for summary judgment.

[14]     Jones-Elliott did not file her response by that date, nor did she request an additional continuance by that date. Again, "[w]hen a nonmoving party fails to respond to a motion for summary judgment . . . by either filing a response" or by "requesting a continuance" within the established timeframe, "the trial court cannot consider summary judgment filings of that party subsequent" to that timeframe. *Id.* (quoting *HomEq Servicing Corp.*, 883 N.E.2d at 98-99). Accordingly, the trial court erred as a matter of law when it granted Jones-Elliott's untimely motion to continue the summary judgment proceedings.

[15]     The same analysis holds for the court's consideration of Jones-Elliott's motion to withdraw her admissions. In *Mitchell*, our Supreme Court held that, "although a trial court may . . . make material modifications to a non-final summary judgment order, *it must do so based on the timely submitted materials already before the court . . . .*" 3 N.E.3d at 973 (emphasis added). As the Court explained: "To hold otherwise would allow a party to avoid the strict timelines

for designating evidence under Rule 56 and would resurrect the uncertainty the *Desai* line of cases sought to eliminate." *Id.*

[16] Here, after the deadline to respond to the State's summary judgment motion had already lapsed, Jones-Elliott sought to alter the body of designated evidence that had been timely submitted to the trial court by moving the court to withdraw her admissions. But our Supreme Court has made clear that "material modifications" to the summary judgment record must be "based on the timely submitted materials . . . ." *Id.* To allow Jones-Elliott to make an untimely motion to withdraw her admissions would enable litigants to circumvent our "firmly entrenched" Rule 56 timeframes. *Id.* at 973. An objection to the designated evidence is a response to the designated evidence. Thus, we hold that an objection to designated evidence must be included in a timely response and is subject to the same time limitations as any other response to designated evidence under Trial Rule 56. Jones-Elliott's motion to withdraw her admissions designated by the State was untimely. Accordingly, the trial court erred as a matter of law when it granted her motion to withdraw her admissions.

[17] In sum, we reverse the trial court's decision to grant Jones-Elliott's January 3, 2019, motions to continue the summary judgment proceedings and to withdraw her admissions. We remand for further proceedings on the State's summary judgment motion not inconsistent with this opinion.

[18] Reversed and remanded.

Bailey, J., and May, J., concur.