ATTORNEYS FOR APPELLANT
Michael L. Carmin
Gregory A. Bullman
Andrews Harrell Mann Carmin & Parker, P.C.
Bloomington, Indiana

ATTORNEYS FOR APPELLEE
Donn H. Wray
Nicholas K. Gahl
Stewart & Irwin, P.C.
Indianapolis, Indiana

Stephen Schrumpf
Brown Deprez & Johnson, PA
Shelbyville, Indiana

Marion Michael Stephenson
Shelbyville, Indiana

_____

### In the
# Indiana Supreme Court

_____

FILED
Feb 20 2014, 8:57 am
CLERK
of the supreme court,
court of appeals and
tax court

No. 53S01-1303-PL-222

JAMES T. MITCHELL,

*Appellant (Petitioner below),*

v.

10TH AND THE BYPASS, LLC AND
ELWAY, INC.

*Appellees (Respondent below).*

_____

Appeal from the Monroe Circuit Court, No. 53C06-0812-PL-3285
The Honorable Frances G. Hill, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 53A01-1112-PL-593

_____


**February 20, 2014**


**Rucker, Justice.**

In this appeal we address whether evidence obtained after entry of an order granting a motion for partial summary judgment may form the basis for vacating that order on grounds that a non-final order is subject to revision at any time before entry of a final judgment. We conclude it may not. We also address whether relief from judgment under our Trial Rules is limited only to final judgments. We conclude it is not.

## Facts and Procedural History

Asserting a claim for an environmental legal action ("ELA"), see Ind. Code §§ 13-30-9-1 through 13-30-9-8,[1] and alleging a violation of Indiana's anti-dumping statute, see I.C. §§ 13-30-3-1 through 13-30-3-13,[2] 10th and The Bypass, LLC ("LLC") filed a complaint on December 30, 2008 against James T. Mitchell individually; J.T. Mitchell, Inc.—a corporation Mitchell owned; the Sevan Corporation; and Elway, Inc. (collectively "Defendants"). In relevant part the complaint alleged that Defendants were responsible for environmental contamination while operating certain dry cleaning businesses at a site owned by LLC and located on East 10th Street in Bloomington. In particular, according to the complaint, the Defendants "caused and/or contributed to the release of a hazardous substance into the subsurface soil and groundwater of the Site, . . . [and] dumped chlorinated solvents and other solid waste onto the Site without Plaintiff's consent." App. at 23, 24.

---

[1] The statute provides in pertinent part:
> A person may, regardless of whether the person caused or contributed to the release of a hazardous substance or petroleum into the surface or subsurface soil or groundwater that poses a risk to human health and the environment, bring an environmental legal action against a person that caused or contributed to the release to recover reasonable costs of a removal or remedial action involving the hazardous substances or petroleum.

I.C. § 13-30-9-2.

[2] The statute provides in pertinent part:
> A landowner on whose land garbage or other solid waste has been illegally dumped without the landowner's consent may, in addition to any other legal or equitable remedy available to the landowner, recover from the person responsible for the illegal dumping: (1) reasonable expenses incurred by the landowner in disposing of the garbage or other solid waste; and (2) reasonable attorney's fees.

I.C. § 13-30-3-13(d).

On June 30, 2009, James T. Mitchell in his individual capacity filed a motion for partial summary judgment on grounds that he was not personally liable for LLC's damages and that neither the responsible corporate officer doctrine nor the doctrine of piercing the corporate veil was applicable in imposing on him any personal liability. In support of his motion Mitchell designated several exhibits including his affidavit which alleged in pertinent part:

> I never individually operated a dry cleaning business at Plaintiff's real estate. . . . My involvement in the dry cleaning business at Plaintiff's real estate was at all times as an officer or employee of J.T. Mitchell, Inc. . . . I never dumped, nor was I at any time involved in any capacity in the dumping of chemical waste on Plaintiff's real estate. . . . I never caused or contributed to the release of a hazardous substance into the surface or subsurface soil or ground water at Plaintiff's real estate.

App. at 40. LLC did not file a response to Mitchell's motion. Instead on September 3, 2009 LLC filed its own motion for partial summary judgment seeking to impose individual liability on Mitchell. In support of the motion LLC designated several exhibits none of which disputed the material substance of Mitchell's affidavit. See App. at 82-131. After conducting a hearing the trial court entered an order on January 11, 2010 granting Mitchell's motion for partial summary judgment and denying LLC's motion. The order declared in part:

> There is no evidence that James T. Mitchell caused a spill of hazardous waste or other violation of the ELA or Indiana dumping statutes . . . for the purposes of imposing personal liability as a corporate officer for J.T. Mitchell, Inc. under the theory of responsible corporate officer doctrine[.] There is no evidence that the actions of James T. Mitchell in the daily management of the dry cleaning business and specifically in the management of hazardous waste chemicals constituted a violation of the ELA or the Indiana dumping statutes.

App. at 159.

About a year later LLC obtained a recorded statement from Susan E. Johnson, a former Mitchell employee who had previously worked at the dry cleaning facility on East 10th Street. According to Johnson, sometime around 1988 or 1989 there was a spill at the facility of a dry

3

cleaning solvent—perchloroethylene[3]—commonly referred to as PERC. Johnson alleged that Mitchell had left the valve open on the back of a 55-gallon PERC drum causing the solvent to spill onto the floor. Johnson asserted that after she informed Mitchell of the spill, he personally instructed her to "mop it up" and to "put a fan on it and it would evaporate." App. at 177. As a result of the spill and clean-up, Johnson suffered chemical burns and developed other health problems. According to Johnson, Mitchell paid for her medical expenses personally in lieu of submitting a worker's compensation claim. Johnson restated these assertions in a later deposition where she also declared there had been additional releases of chemicals at other dry cleaning facilities under Mitchell's management.

Relying on provisions of Indiana Trial Rule 54(B), on June 3, 2011, LLC along with Defendant Elway, Inc. (collectively "LLC") filed a joint motion to vacate the trial court's January 11, 2010 order entering partial summary judgment in Mitchell's favor. LLC contended that newly discovered inculpatory evidence established Mitchell's individual liability. LLC filed a brief in support of its motion and attached Johnson's statement and deposition as exhibits. While not refuting the veracity of the allegations in LLC's exhibits, Mitchell responded with a memorandum in opposition arguing in part that pursuant to Indiana Trial Rule 56 newly discovered evidence must be properly designated and timely submitted—neither of which, according to Mitchell, was done in this case. After conducting a hearing the trial court entered an order granting LLC's motion to vacate. The order declared in part the "[o]rder granting partial summary judgment was a non-final order, [and] . . . therefore is subject to revision at any time before entry of a final judgment." App. at 16. The Court of Appeals granted Mitchell's petition for interlocutory review and affirmed the judgment of the trial court. Mitchell v. 10th and The Bypass, LLC, 973 N.E.2d 606 (Ind. Ct. App. 2012), aff'd on reh'g 981 N.E.2d 551 (Ind. Ct. App. 2012). Having previously granted transfer, we now reverse the judgment of the trial court.

---

[3] Perchloroethylene is "a colorless nonflammable toxic liquid . . . used often as a solvent in dry cleaning and for removal of grease from metals." Merriam-Webster's Collegiate Dictionary 919 (11th ed. 2005).

**Standard of Review**

Our standard of review in evaluating a trial court's reconsideration of its prior ruling is abuse of discretion. In re Estate of Hammar, 847 N.E.2d 960, 962 (Ind. 2006). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." Ind. Univ. Med. Ctr. v. Logan, 728 N.E.2d 855, 859 (Ind. 2000). A trial court also abuses its discretion when it misinterprets the law. State v. Econ. Freedom Fund, 959 N.E.2d 794, 800 (Ind. 2011).

**Discussion**

**I.**

This case requires us to explore the interplay between Trial Rule 54(B) – Judgment upon multiple claims or involving multiple parties and Trial Rule 56 – Summary judgment, when new evidence is submitted to the trial court following entry of partial summary judgment. In relevant part Trial Rule 54(B) provides:

> When more than one [1] claim for relief is presented in an action, . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, *any order or other form of decision, however designated,* which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision *is subject to revision at any time before the entry of judgment* adjudicating all the claims and the rights and liabilities of all the parties.

(emphasis added). The highlighted portions of Rule 54(B) represent this Court's recognition, through its rule making authority, of a well–settled practice in this state, namely: "We have long and consistently held a trial court has inherent power to reconsider, vacate, or modify any previous order so long as the case has not proceeded to final judgment." Haskell v. Peterson Pontiac GMC Trucks, 609 N.E.2d 1160, 1163 (Ind. Ct. App. 1993) (citations omitted). See also

Pond v. Pond, 700 N.E.2d 1130, 1135 (Ind. 1998) ("A trial court may reconsider an order or ruling if the action remains in fieri, or pending resolution." (citation omitted)); State ex rel. Rans v. St. Joseph Super. Ct. No. 2, 201 N.E.2d 778, 779-80 (Ind. 1964) ("[A] court may, upon motion to reconsider or rehear, upon its own motion or the suggestion of a party, vacate, set aside, amend or modify a ruling entered in the same term of court, since such a matter is *in fieri*."); Clouser v. Mock, 155 N.E.2d 745, 748 (Ind. 1959) ("The law is well settled that during term at which a judgment is rendered, the court has very broad powers on its own motion or upon that of any parties to modify, set aside or vacate its judgment." (citations omitted)).

In this case the trial court's January 11, 2010 order granting Mitchell's motion for partial summary judgment was not final. The parties did not request and the trial court did not *sua sponte* "direct the entry of a final judgment," there was no "express determination that there is no just reason for delay[,]" and there was no "express direction for the entry of judgment." T.R. 54(B). Thus, relying on settled authority as well as the express language of Trial Rule 54, the trial court vacated its January 11, 2010 order. Nonetheless, in so doing the trial court considered evidence tendered several months after its ruling granting partial summary judgment in Mitchell's favor. Trial Rule 56 governs motions for summary judgment and provides in pertinent part:

> **(C) Motion and proceedings.** The motion and any supporting affidavits shall be served in accordance with the provisions of Rule 5. An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits. The court may conduct a hearing on the motion. However, upon motion of any party made no later than ten (10) days after the response was filed or was due, the court shall conduct a hearing on the motion which shall be held not less than ten (10) days after the time for filing the response. At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion.

Apart from the text of Rule 56 itself, our case authority has established the procedure governing the admissibility of evidence that may be considered on a motion for summary judgment. In Borsuk v. Town of St. John, 820 N.E.2d 118 (Ind. 2005), we first acknowledged a

6

rule prohibiting the consideration of new evidence that had not been previously designated within the 30-day time limit imposed by Trial Rule 56(C). The trial court in that case entered summary judgment in favor of the Town upon the landowner's contention that a rezoning request amounted to an unconstitutional taking of the landowner's property. Although affirming the decision of the trial court on grounds that there was no taking, we nonetheless addressed a procedural point adverse to the Town:

> When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I),[4] or filing an affidavit under Trial Rule 56(F),[5] the trial court cannot consider summary judgment filings of that party subsequent to the 30–day period. Since th[e] affidavit [submitted by the Town] was untimely filed, the trial court improperly admitted it into evidence. Even further, since the 30–day period lapsed with no filings, the trial court should not have admitted any of the Town's subsequent briefs or affidavits.

Id. at 124 n.5 (citing Desai v. Croy, 805 N.E.2d 844, 850 (Ind. Ct. App. 2004), trans. denied).

Three years later, in HomEq Servicing Corp. v. Baker, 883 N.E.2d 95 (Ind. 2008), the Court acknowledged that "prior case law ha[d] been somewhat inconsistent regarding the authority of a trial judge to consider affidavits filed after the thirty-day deadline in Rule 56(C)." Id. at 98 (citing cases). We noted however that "[a]ny residual uncertainty" about the inconsistent case law was resolved in Borsuk when, citing Desai with approval, the Court declared: "When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that

---

[4] The Rule provides:

> For cause found, the Court may alter any time limit set forth in this rule upon motion made within the applicable time limit.

[5] The Rule provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

party subsequent to the 30-day period." Id. at 98-99 (quoting Borsuk, 820 N.E.2d at 124 n.5). In essence, HomEq reaffirmed the bright-line rule first declared in Desai which precludes the late filing of responses in opposition to a motion for summary judgment. See, e.g., Starks Mech. Inc. v. New Albany-Floyd Cnty. Consol. Sch. Corp., 854 N.E.2d 936, 940 (Ind. Ct. App. 2006) (noting the "bright-line rule" and declaring, "even though [the non-movant] was merely one day late [in serving his response to a summary judgment motion], Desai stands for the proposition that the trial court had no discretion to allow [the non-movant] to file its response and designated evidence").

Now firmly entrenched as an article of faith in Indiana law, this bright-line rule provides clarity and certainty to an area of the law that for too long lacked both. But how can the dictates of Rule 54(B) "subject to revision at any time" be reconciled with the apparently conflicting "thirty (30) day[]" time limit imposed by Rule 56(C)? Where trial rules are in conflict we apply the principles of statutory construction under which "the Rules of Trial Procedure are to be construed together and harmoniously if possible." In re Marriage of Carter-McMahon, 815 N.E.2d 170, 175 (Ind. Ct. App. 2004); see also Noble Cnty. v. Rodgers, 745 N.E.2d 194, 197 n.3 (Ind. 2001) (noting the rules of statutory construction are applicable to the interpretation of trial rules). In order to harmonize Trial Rule 54(B) and Trial Rule 56(C) we hold that although a trial court may indeed make material modifications to a non-final summary judgment order, it must do so based on the timely submitted materials already before the court when the order was initially entered. Stated somewhat differently the "subject to revision" language in Rule 54(B) permits a trial court to revise, modify, or vacate a non-final prior ruling; but where that non-final ruling was the grant or denial of a motion for summary judgment, the trial court may only consider the Rule 56 materials properly before it at the time the order was first entered. To hold otherwise would allow a party to avoid the strict timelines for designating evidence under Rule 56 and would resurrect the uncertainty the Desai line of cases sought to eliminate.

Here the trial court revised its previous order granting partial summary judgment in Mitchell's favor. Under other circumstances this would not be problematic. However, by understandably but mistakenly misinterpreting the law, the trial court abused its discretion in relying on evidence not properly before the court at the time the previous order was entered.

## II.

Although LLC's argument before the trial court as well as on appeal focused primarily on Trial Rule 54(B), LLC also contends it is entitled to relief under Trial Rule 60(B). While doubting its applicability, LLC nonetheless declares: "Assuming, *arguendo*, that T.R. 60 applies to the consideration of the newly discovered evidence on a motion for summary judgment . . . all the elements required to consider newly discovered evidence under T.R. 60(B)(2) are satisfied." App. at 172; see also Br. of Appellee at 16. Declining to address LLC's claim on the merits the trial court concluded: "The law is clear that T.R. 60(B) is only applicable to final judgments." App. at 17 (citation omitted). And as we have discussed the trial court's January 2010 order was not final. Supporting its conclusion, the trial court relied on Allstate Insurance Co. v. Fields, 842 N.E.2d 804 (Ind. 2006). In that case Allstate initiated an interlocutory appeal from the denial of its Trial Rule 60(B) motion for relief from default judgment. On review the Court of Appeals reversed the trial court's judgment. On transfer this Court dismissed the appeal. In so doing, we noted the language of the then existing rule, which allowed a trial court to grant relief "from an entry of default, final order, or *final judgment*, including a judgment by default." Id. at 807 (emphasis added) (quoting the then applicable version of Indiana Trial Rule 60(B)). The Court then held "Indiana Trial Rule 60(B) does not apply to interlocutory orders, and a party may seek relief *only from a final judgment* or order that determines the entire controversy or decides the case on the merits." Id. at 808 (emphasis added) (citation omitted). It is on the strength of Allstate that the trial court rejected LLC's Rule 60(B) claim.

However, Rule 60(B) was amended in 2008 effective January 1, 2009, which is the current version of the Rule, and the Rule in effect at the time LLC filed its motion. The 2008 amendment deleted the word "final" such that the rule now provides in relevant part, "the court may relieve a party or his legal representative from a judgment, including a judgment by default . . . ." Thus, the express language of the rule no longer limits relief only from a "final" judgment as was the case when we decided Allstate. In light of the 2008 amendment, LLC is not

9

precluded from seeking Trial Rule 60(B) relief from the trial court's January 2010 order on grounds that the order was not a final judgment.[6] On this point the trial court erred.

**Conclusion**

We reverse the judgment of the trial court and remand this cause for further proceedings.

Dickson, C.J., and David, Massa and Rush, JJ., concur.

---

[6] LLC's Trial Rule 60(B) claim essentially focused on the "newly discovered evidence" provision of Rule 60(B)(2) which requires the exercise of "due diligence." Both sides argued their respective positions on this point. But as we have discussed the trial court did not reach the merits. LLC makes no claim, and we express no opinion, on whether LLC might also seek relief under the provision of Rule 60(B)(3) for fraud upon the court. See Stonger v. Sorrell, 776 N.E.2d 353 (Ind. 2002) (discussing three methods by which a claim of fraud upon the court may be pursued under Trial Rule 60(B)).