**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**MARK KEATON**
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE:

**DAVID L. FERGUSON**
Ferguson & Ferguson
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK KEATON, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1401-PL-38 |
| | ) | |
| CHRISTINE L. ZOOK, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable E. Michael Hoff, Judge
Cause No. 53C01-1202-PL-363

**July 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Mark Keaton appeals the trial court's grant of summary judgment to Christine L. Zook. We affirm.

Keaton sued Zook, alleging malicious prosecution and abuse of process. Zook filed a motion for summary judgment. Keaton moved for an extension of his deadline to respond, and the trial court granted him an extension to and including July 31, 2013.

Keaton experienced problems with his printer and did not mail his response to the trial court or Zook on July 31. On the morning of August 1, Keaton e-mailed Zook to ask whether she would object to a one-day extension. After a further exchange of e-mails, Zook stated she would not object. Later that day, Keaton mailed the court, via overnight delivery, a motion for extension of time and a summary judgment response.

On August 2, Zook filed a motion to strike Keaton's summary judgment response. Three days later, the court granted Keaton's motion for extension of time and deemed his summary judgment response filed as of August 1.

Zook filed a motion to reconsider. The parties filed additional documents and the court held a hearing. Next, the court granted Zook's motion to reconsider and motion to strike, concluding:

> It is therefore ordered that the Plaintiff's Designation of Evidence Submitted in Opposition to Defendant Christine Zook's Motion for Summary Judgment; his Brief in Opposition to Defendant Christine Zook's Motion for Summary Judgment; and his Affidavit of R. Mark Keaton Submitted in Opposition to Defendant Christine Zook's Motion for Summary Judgment are stricken. Plaintiff may submit a brief in the next 21 days that does not refer to designated evidence that has been stricken from the summary judgment record.

Appellant's App. p. 16. Keaton did not submit a brief, and both parties waived a summary judgment hearing. The court subsequently granted Zook's motion for summary judgment on all of Keaton's claims. Keaton filed a motion to correct error, which the court denied. This appeal followed.

Keaton claims the trial court erred in striking his response to Zook's motion for summary judgment. Zook contends on cross-appeal that this appeal should be dismissed because Keaton failed to timely file his Appellant's Brief. We disagree and address the merits of Keaton's claim.

In general, a trial court's order on a motion to strike is reviewed for an abuse of discretion. *Williams v. Tharp*, 914 N.E.2d 756, 769 (Ind. 2009). However, our supreme court has established a "bright-line rule" that a party responding to a motion for summary judgment must file the response, or a request for a continuance, within thirty days of service of the motion. *Mitchell v. 10th and The Bypass, LLC*, 3 N.E.3d 967, 972-73 (Ind. 2014). If the party fails to file either the response or a request for a continuance within that period, the trial court cannot consider summary judgment materials that are filed after the period elapses. *Id.* at 972; *see also Starks Mech., Inc. v. New Albany-Floyd Cnty. Consol. Sch. Corp.*, 854 N.E.2d 936, 940 (Ind. Ct. App. 2006) (trial court "had no discretion" to accept a summary judgment response and designated evidence that the party submitted one day late). If a court grants an enlargement of time to file a summary judgment response, the response must be filed within the additional period granted by the court. *Miller v. Yedlowski*, 916 N.E.2d 246, 251 (Ind. Ct. App. 2009), *trans. denied*.

3

Here, the parties agree that Keaton did not mail his summary judgment response to the court until the day after the filing deadline had expired. Keaton failed to comply with the bright-line rule, and the trial court did not err in striking his summary judgment materials. *See id.*

Keaton argues that under Trial Rule 56(C), the operative deadline is the date of service of the summary judgment response on an opposing party, not the date of filing with the trial court. His argument is contradicted by precedent. *See Mitchell*, 3 N.E.3d at 972 (the "late filing" of summary judgment responses is precluded); *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 974 (Ind. 2005) (trial court may not consider a response that is "filed" after the thirty-day period).

In any event, Keaton did not serve his summary judgment response on Zook until after the deadline expired. In addition, he did not ask whether she would object to a continuance of the deadline until after the deadline expired. These belated acts did not bring Keaton into compliance with the rule stated in *Mitchell*. Further, Zook's agreement to a one-day continuance after the deadline expired did not excuse Keaton's failure to timely file his summary judgment response or to timely file a request for a second continuance. *See Booher v. Sheeram, LLC*, 937 N.E.2d 392, 394-95 (Ind. Ct. App. 2010) (opponent's lack of objection to an extension of time did not give the court discretion to accept late-filed summary judgment documents where the party requesting the extension failed to timely file the request), *trans. denied*.

Keaton's challenge to the trial court's grant of summary judgment is based upon his conclusion that the trial court erred in striking his summary judgment response. The

4

trial court did not err in striking the response, so Keaton's appeal of the summary judgment order must also fail.

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and BROWN, J., concur.