## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 24 2019, 8:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Cooper
Griffith, Indiana

ATTORNEY FOR APPELLEE

Alfredo Estrada
Merrillville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Guy Mikulich, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Lake County, Indiana, <br> *Appellee-Defendant.* | October 24, 2019 <br><br> Court of Appeals Case No. <br> 19A-MI-32 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable John R. Pera <br><br> Trial Court Cause No. <br> 45D10-1801-MI-2 |

**Tavitas, Judge.**

# Case Summary

Guy Mikulich appeals the trial court's dismissal of his complaint for judicial review against Lake County, Indiana ("Lake County"), and denial of his motion to vacate the trial court's dismissal. We affirm.

# Issue

Mikulich raises several issues. We find one issue dispositive, which we restate as whether the trial court properly dismissed Mikulich's petition for judicial review as moot.

# Facts

On July 10, 2016, Mikulich, "while acting in his official capacity as a Lake County Sheriff's Department police officer, was working security at the Gary Air Show in Gary, Lake County, Indiana." Appellant's App. Vol. II p. 60. Mikulich drove his police vehicle off the roadway and struck a minivan belonging to Derrick Dircks. Dircks was loading items into the trunk of his vehicle at the time. Mikulich also struck Dircks, "causing [Dircks] to strike his head on the windshield of the police car and be thrown approximately twenty feet." *Id.* Dircks suffered serious injuries, and Mikulich fled the scene. A few minutes later, Mikulich was stopped by another officer. Mikulich's blood

alcohol concentration exceeded 0.08. On July 10, 2016, the State charged Mikulich with four felonies and nine misdemeanors as a result of the incident.[1]

[4] On July 14, 2016, Mikulich was served with a notice of discipline, which alleged that he was in violation of numerous merit board rules and sought Mikulich's termination. On July 20, 2016, the Lake County Sheriff's Department relieved Mikulich "of duty without pay based upon" the pending criminal charges pursuant to Merit Board Rule 4-6-4. Appellee's App. Vol. II p. 204. Merit Board Rule 4-6-4 provides:

> When a police officer is relieved from active duty, by the Sheriff, under this section, for the reason that said Police Officer has been charged with the commission of a felony, then, and in that event, the Police Officer may be relieved of duty and/or suspended, without pay and benefits, effective the date of the filing of the criminal information or indictment, or at any date subsequent, thereto, as determined by the Sheriff, with approval of the Merit Board at its next meeting.

Appellee's App. Vol. II p. 206. The Merit Board approved Mikulich's removal from duty without pay on July 21, 2016.

[5] The two-day administrative hearing was held on June 6, 2017, and June 7, 2017. On July 20, 2017, the Merit Board found that Mikulich violated: (1)

---

[1] The charges included: leaving the scene of an accident, a Level 3 felony; leaving the scene of an accident, a Level 6 felony; two counts of operating a motor vehicle while intoxicated, Level 6 felonies; leaving the scene of an accident, a Class A misdemeanor; four counts of operating while intoxicated, Class A misdemeanors; three counts of operating while intoxicated, Class C misdemeanors; and leaving the scene of an accident, a Class B misdemeanor.

"Merit Board Rule, Schedule A, No. 1 by violating State Law;" (2) "Merit Board Rule, Schedule A, No. 6, by intoxication on or off duty;" (3) "Merit Board Rule, Schedule A, No. 8, by committing conduct unbecoming an officer;" (4) "Merit Board Rule, Schedule A, No. 24, by unauthorized use of property of the Department;" (5) "Merit Board Rule, Schedule A, No. 28, by violation of Department Rules and Regulations regarding equipment;" (6) "Merit Board Rule, Schedule A, No. 28, by violation of Department Rules and Regulations rules of conduct 7.07.07 (Use of alcohol to be intoxicated on duty);" (7) "Merit Board Rule, Schedule A, No. 28, by violation of Department Rules and Regulations by use of vehicles 9.00.04 (Operation of county owned vehicle while under the influence of intoxicating beverages);" and (8) Merit Board Rule, Schedule A, No. 29, by committing acts which bring or tend to bring the individual or the Lake County Sheriff's Department into disrepute." Appellant's App. Vol. II pp. 118-120. On August 17, 2017, the Merit Board held a hearing regarding the penalty and terminated Mikulich's employment as a police officer.

[6] On September 15, 2017, Mikulich filed a complaint for judicial review regarding the Merit Board's decisions and alleged numerous due process violations. Mikulich filed an amended complaint on October 25, 2017. Lake County filed the Merit Board's record of proceedings with the trial court on February 23, 2018, and the trial court held a hearing on February 26, 2018. The trial court then set deadlines for the parties to file their memoranda of law and proposed findings. Before the briefing schedule was completed, on May

14, 2018, Mikulich pleaded guilty but mentally ill to leaving the scene of an accident with serious bodily injury, a Level 6 felony, and operating a motor vehicle with an ACE of 0.08 or more resulting in serious bodily injury, a Level 6 felony.

[7] On May 25, 2018, Lake County filed a motion to dismiss Mikulich's complaint for judicial review. Lake County argued: (1) Mikulich's complaint was subject to dismissal because Mikulich failed to file his memorandum of law and proposed findings; (2) Mikulich's complaint was moot because he "admitted to the conduct for which he was charged and found liable by the Merit Board;" (3) Mikulich's complaint is moot because, as a result of his guilty plea, "there is no effective relief that can be rendered to Plaintiff;" and (4) Mikulich's complaint should be dismissed because, pursuant to Indiana Code Section 5-8-1-38, he was removed from "his public office of a Lake County Sheriff's police officer by operation of law and is no longer qualified to hold the position." Appellant's App. Vol. II pp. 50-52.

[8] Mikulich responded to Lake County's motion to dismiss and argued: (1) he opted to rely on his complaint rather than file a memorandum or findings, which he is statutorily allowed to do; (2) the trial court should review Mikulich's due process arguments because, if successful on the arguments, he "would be entitled to back pay and benefits;" and (3) Indiana Code Section 5-8-1-38 "does not moot the administrative review action." *Id.* at 72.

[9] On July 17, 2018, the trial court issued the following order:

Subsequent to Mikulich's plea of guilty, Defendant Lake County filed an amended reply in support of the Motion to dismiss. Lake County asserts that Mikulich no longer qualifies to hold the public office of Police Officer by operation of law. Lake County cites Indiana [C]ode "§ 5-8-1-38 (b) Any public officer convicted of a felony during the public officer's term of office shall: (1) be removed from office by operation of law when: (C) in a guilty plea hearing, the person pleads guilty. . . to a felony . . .". The Court record reveals that Mikulich pled guilty and was found guilty, but Mentally Ill, by the Court, of two separate felonies.

Plaintiff has not responded to the Lake County reply brief nor indicated an intention to file any responsive brief or motion. Therefore, the Court, being duly advised in the premises finds that the Mikulich appeal of the administrative determination of Lake County is moot inasmuch as Mikulich's termination of his position as a Lake County Police Officer is terminated by operation of law.

*Id.* at 4-6.

[10]     On September 28, 2018, Mikulich filed a motion to vacate the July 17, 2018 order. Mikulich argued that his counsel did not receive the July 17, 2018 order until September 26, 2018, and that Mikulich had, in fact, responded to Lake County's motion to dismiss. On December 18, 2018, the trial court issued the following order:

The Court accepts the filing of Plaintiff's Motion to Vacate the July 17, 2018 Order of the Court and his Supplemental Motion to Vacate the July 17, 2018 Order/Opinion of the Court. Though the Court finds it to be the error of Plaintiff's counsel that Plaintiff was not timely made aware of the Court's Order of July 17, 2018, the Court will not penalize Plaintiff for his counsel's

mistake in this case, and, rather, chooses to rule on Plaintiffs [sic] Motions based on their merits.

In his Supplemental Motion to Vacate the July 17, 2018 Order/Opinion of the Court, Plaintiff argues on the basis that Plaintiff did file a Response. This Court recognizes that Plaintiff did, in fact, file a Response in Opposition to Defendant's Motion to Dismiss and an Amended Response.

However, having examined Judge Webber's Court Order of July 17, 2018, this Court is not convinced that the Order suggests that Plaintiff did not respond to the Motion to Dismiss. The Court Order states: "Plaintiff has not responded to the Lake County reply brief nor indicated an intention to file any responsive brief or motion . . ." (emphasis added.) The Court's file reflects that Defendant filed its Motion to Dismiss and supporting Brief on May 25, 2018. On June 25, 2018, Plaintiff filed his Response in Opposition to Defendant's Motion to Dismiss. On June 27, 2018, Plaintiff filed his Amended (June 27, 2018) Plaintiff's Response in Opposition to Defendant's Motion to Dismiss. On July 10, 2018, Defendant filed its Reply Brief in Support of Motion to Dismiss.

Thus, at the time of Judge Webber's ruling on July 17, 2018, the Defendant's Motion to Dismiss was fully briefed.

THEREFORE, having considered the parties' written submissions, as well as the argument presented by counsel, the Court hereby DENIES Plaintiff's Motions and affirms Judge Webber's Court Order entered July 17, 2018.

Appellant's App. Vol. II pp. 2-3. Mikulich now appeals.

# Analysis

Mikulich appeals the trial court's denial of his motion to vacate the July 17, 2018 grant of the motion to dismiss filed by Lake County. "Our standard of review in evaluating a trial court's reconsideration of its prior ruling is abuse of discretion. *Mitchell v. 10th & The Bypass, LLC*, 3 N.E.3d 967, 970 (Ind. 2014). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it." *Id.* A trial court also abuses its discretion when it misinterprets the law. *Id.*

In its motion to dismiss, Lake County argued that Mikulich's complaint should be dismissed because his claims were moot. "The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court." *T.W. v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 121 N.E.3d 1039, 1042 (Ind. 2019) (citing *Matter of Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991)). "When the controversy at issue has been ended or settled, or somehow disposed of so as to render it unnecessary to decide the question involved, the case will be dismissed." *Id.* "'Indiana recognizes a public interest exception to the mootness doctrine, which may be invoked when the issue involves a question of great public importance which is likely to recur.'" *Id.* (quoting *Matter of Tina T.*, 579 N.E.2d 48, 54 (Ind. 1991)).

Lake County argues that, when Mikulich pleaded guilty but mentally ill to various charges related to the incident, his request for judicial review of his termination became moot. Mikulich contends:

> Although Mikulich pled guilty, the abuse of discretion by the
> Board is not militated or consequential. While no court can
> order Mikulich reinstated (because of his felony conviction), a
> court can issue a finding that the Board abused its discretion.
> The effect would be nothing more than monetary compensation
> to Mikulich predicated on *back-pay owed for the period for which he
> was suspended*.

Appellant's Br. p. 8 (emphasis added). As a result of his felony convictions, Mikulich does not argue that he is entitled to reinstatement of his employment. Rather, Mikulich's main complaint on appeal seems to be that we should address his due process arguments because, if his due process rights were violated by the Merit Board, he would be entitled to back pay. The time period for which Mikulich believes he would be entitled to back pay is unclear. We presume Mikulich means that he is entitled to back pay from the time he was suspended to the time of his guilty plea.

[14] Mikulich, however, ignores the fact that, on July 20, 2016, Lake County relieved Mikulich "of duty *without pay* based upon" the pending criminal charges pursuant to Merit Board Rule 4-6-4. Appellee's App. Vol. II p. 204 (emphasis added). The Merit Board approved Mikulich's removal from duty without pay on July 21, 2016. Mikulich has not challenged this order removing him from duty without pay. Consequently, even if, due to the Merit Board's alleged violation of his due process rights, Mikulich was improperly terminated on August 17, 2017, Mikulich would not qualify for back pay during his suspension period. No effective relief could have been rendered to Mikulich by the trial court, and the case was moot. We, further, do not find that the issues

here involve a question of great public importance which is likely to recur. As such, we decline to address Mikulich's due process arguments. The trial court properly dismissed Mikulich's complaint for judicial review and did not abuse its discretion by denying Mikulich's motion to vacate the July 17, 2018 order.

## Conclusion

The trial court properly dismissed Mikulich's complaint for judicial review. We affirm.

Affirmed.

Brown, J., and Altice, J., concur.