## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 24 2020, 8:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

A-AAA Bail Bonds, Inc. d/b/a Markey Bonding,

*Appellant-Intervenor,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 24, 2020

Court of Appeals Case No.
19A-MI-2133

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D04-1807-F6-830

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Intervenor, A-AAA Bail Bonds, Inc. (Surety), appeals the trial court's denial of its Motion for Relief from Judgment.

We affirm.

# ISSUE

Surety presents this court with one issue on appeal, which we restate as: Whether the trial court abused its discretion when it denied Surety's Motion for Relief from Judgment seeking to vacate a late surrender fees judgment against it.

# FACTS AND PROCEDURAL HISTORY

On July 17, 2018, the State filed an Information, charging Ian Hindle (Hindle) with theft, carrying a handgun without a license, and operating a vehicle upon a highway while his driver's license was suspended or revoked. The trial court set Hindle's bail at $3,250. On July 26, 2018, Surety posted an appearance bond in that amount for Hindle, and he was released on his own recognizance.

On September 19, 2018, Hindle failed to appear for his omnibus hearing. The trial court issued a warrant for Hindle's arrest and ordered that he be held without bail. The trial court also issued to Surety its Notice of Order to Produce Defendant on Surety Bond (Order to Produce) directing Surety to produce Hindle in court. The Order to Produce provided that if Surety failed to produce Hindle within 120 days; failed to show that Hindle's failure to appear

was caused by his illness or death, being held in custody, or was the result of improper notice; and failed to prove that Hindle's absence was without Surety's consent, a late surrender fee would be assessed, with the fees escalating as the delay of appearance or explanation grew. The Order to Produce provided that if the enumerated conditions were not met within 241 to 365 days, a late fee of 80% of the face value of the bond would be assessed.

[6] On July 9, 2019, Hindle appeared in court, and the trial court terminated its Order to Produce. The trial court also entered its Order for Late Surrender Fees directing the Clerk of Allen County to calculate the late surrender fees owed by Surety and ordering Surety to pay those fees. On July 10, 2019, the trial court entered its Notice of Judgment against Surety in the amount of 80%[1] of the bond it had posted, resulting in a judgment against Surety of $2,600.

[7] On July 18, 2019, Surety filed its Motion for Relief from Judgment, alleging that it had received notice that Hindle had been arrested and held in the Huntington County Jail since September 17, 2018, on felony charges in an unrelated case. Citing Indiana Code section 27-10-2-12(b), Surety argued that, because it had proven within 365 days of its receipt of notice of the Order to Produce that Hindle's failure to appear on September 19, 2018, was caused by his incarceration, it was entitled to relief from the $2,600 late surrender fees judgment against it. On August 14, 2019, the trial court denied Surety's motion

---

[1] The Notice of Judgment contains a line item indicating that a total forfeiture of 20% of the bond was being assessed. This appears to be a scrivener's error.

without a hearing, ruling that the late surrender fees had been properly assessed because Surety had failed to comply with section 27-10-2-12(b) within 120 days of the mailing of the Order to Produce.

[8] Surety now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## A. *Standard of Review*

[9] Surety appeals following the trial court's denial of its Motion for Relief from Judgment. We review a trial court's reconsideration of its prior ruling for an abuse of discretion. *Mitchell v. 10th and The Bypass, LLC*, 3 N.E.3d 967, 970 (Ind. 2014). An abuse of the trial court's discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id*. Inasmuch as our review entails issues of statutory interpretation, those are reviewed *de novo*. *Rodriguez v. State*, 129 N.E.3d 789, 793 (Ind. 2019).

## B. *Indiana Bail Law*

[10] Surety contends that the trial court abused its discretion by misapplying Indiana Code section 27-10-2-12(b) of Indiana's bail law to deny it relief from the late surrender fees judgment. Indiana Code section 27-10-2-12 delineates a surety's rights and obligations in the event that a defendant for whom it has posted bond fails to appear. *See* I.C. § 27-10-2-12, *et seq*. If a defendant fails to appear, the trial court must issue a warrant for the defendant's arrest, order the surety to surrender him immediately, and order the clerk to issue notice of defendant's

failure to appear to the surety. I.C. § 27-10-2-12(a)(1)-(2). Subsection 27-10-2-12(b) provides in relevant part that, upon a defendant's failure to appear,

> [t]he bail agent or surety must:
>
> (1) produce the defendant; or
>
> (2) prove within three hundred sixty-five (365) days:
>
> (A) that the appearance of the defendant was prevented:
>
> * * * *
>
> (ii) because the defendant was at the scheduled time of appearance or currently is in the custody of the United States, a state, or a political subdivision of the United States or a state;
>
> * * * *
>
> [and]
>
> (B) the defendant's absence was not with the consent or connivance of the sureties.

Subsection 27-10-2-12(c) provides in relevant part that

> [i]f the bail agent or surety does not comply with the terms of subsection (b) within one hundred twenty (120) days after the mailing of the notice required under subsection (a)(2), a late surrender fee shall be assessed against the bail agent or surety as follows:

\* \* \* \*

> (4) If compliance occurs more than two hundred forty (240) days
> but not more than three hundred sixty-five (365) days after the
> mailing of the notice, the late surrender fee is eighty percent
> (80%) of the face value of the bond.

### C. *Surety's Claim*

Surety argues that, pursuant to subsection 27-10-2-12(b), if a surety proves within 365 days of the notice to produce that a defendant's failure to appear was caused by the defendant's incarceration and was without the consent of the surety, the surety is not liable for any late surrender fees. Surety more specifically argues that the statute previously only provided for the escalating late surrender fees as set out in subsection 27-10-2-12(c), and Surety contends that the fact that the legislature subsequently added the 365-day time period is evidence that subsection (b) was intended to relieve a surety of all late surrender fees if it complies within 365 days.

This court addressed the same claim in *Gaeta v. State*, 953 N.E.2d 1212 (Ind. Ct. App. 2011), *trans. denied*. On April 25, 2007, the State charged Gaeta with multiple felonies, and on May 7, 2007, Roche Surety posted an appearance bond for him. *Id*. at 1213. Gaeta failed to appear for a hearing on February 15, 2008, and the trial court complied with the bail statute by issuing a warrant for Gaeta's arrest as well as a notice to produce to Roche Surety. *Id*. 364 days after notice of Gaeta's failure to appear was given to Roche Surety, it produced evidence to the trial court that Gaeta's failure to appear was due to his being

terminally ill in Mexico and being unable to travel, all without Roche Surety's consent.[2]  *Id*. at 1213-14.  The trial court subsequently found that Roche Surety had complied with Indiana Code section 27-10-2-12 between 241 and 365 days after the required notice had been given and assessed it a late surrender fee of 80% of the face value of the bond it had posted for Gaeta.  *Id*. at 1214.

[13]  On appeal, Roche Surety argued that the addition of the 365-day language to section 27-10-2-12(b) in 1989 evinced the intent of the legislature "to exempt compliance under subsection (b)(2) 'from the more restrictive late surrender time tables imposed under subsection (c) of the statute, at least to the extent that the required proof under (b)(2) can be accomplished in 365 days.'"  *Id*. at 1215 (quoting Gaeta's Brief).  This court disagreed, holding that Indiana Code section 27-10-2-12 was not ambiguous and that a plain reading of subsection (c) revealed that it "clearly imposes late surrender fees when a bail agent or surety does not produce the defendant or show proof under subsection (b)(2) within 120 days of the mailing of the notice required under (a)(2)."  *Id*. at 1216.  The court found that the statute then provided for escalating late surrender fees as an incentive for sureties to produce a defendant or prove his inability to appear. *Id*. at 1216-17.  The court affirmed the trial court's imposition of the 80% late surrender fee because Roche Surety had not complied with subsection (b) until

---

[2]  In addition to proving that a defendant's failure to appear was caused by incarceration, I.C. § 27-10-2-12(b)(2)(A)(i) provides that a surety may prove that a defendant's failure to appear was caused by "defendant's illness or death[.]"

more than 240 days but not more than 365 days after the notice of Gaeta's failure to appear had been issued by the trial court. *Id*. at 1217.

[14] Surety's claim is identical to that already considered and rejected by this court in *Gaeta*. Surety does not address *Gaeta*, let alone convince us that its holding was flawed or inapplicable to its case. Surety does not contend that the statute at issue is ambiguous or in need of construction. We find *Gaeta* to be persuasive and see no need to revisit its reasoning and conclusions.

[15] In its Order to Produce, the trial court provided Surety with notice of the provisions of Indiana Code section 27-10-2-12 and the possibility of late surrender fees. Surety produced Hindle on July 9, 2019, and on July 18, 2019, it filed its Motion for Relief from Judgment claiming that Hindle's failure to appear was due to his incarceration. Surety does not deny that both of these events took place within 241 and 365 days of the mailing of the Order to Produce. Because Surety did not comply until that timeframe, the trial court properly assessed Surety a late surrender fee of 80% of the face value of the bond it had issued. *See* I.C. § 27-10-2-12(c)(4). Because the trial court properly applied the statute, we find no abuse of discretion in its denial of Surety's Motion for Relief from Judgment. *See Mitchell*, 3 N.E.3d at 970.

## CONCLUSION

[16] Based on the foregoing, we conclude that the trial court properly applied Indiana Code section 27-10-2-12 and, therefore, it did not abuse its discretion when it denied Surety's Motion for Relief from Judgment.

[17] Affirmed.

Baker, J. and Brown, J. concur