

**FILED**

Apr 23 2020, 9:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| **ATTORNEY FOR APPELLANT** | **ATTORNEY FOR APPELLEES** |
| MacArthur Drake | Rinzer Williams, III |
| Gary, Indiana | Gary, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

<table>
<tr>
<td>

The 487 Broadway Company, LLC,

*Appellant-Plaintiff,*

    v.

Kimberly K. Robinson, Individually and in her Official Capacity as Calumet Township Trustee, and Carol Ann Seaton, Individually and in her Official Capacity as an Employee of the Township Trustee as Township Annex Building Manager, Calumet Township of Lake County, and the Calumet Township Board, including its Members, in the Official Capacities, all Jointly and Severally,

*Appellees-Defendants.*

</td>
<td>

April 23, 2020

Court of Appeals Case No. 19A-PL-1499

Appeal from the Lake Superior Court

The Honorable Thomas W. Webber, Judge Pro Tempore

Trial Court Cause No. 45D04-1812-PL-565

</td>
</tr>
</table>

**Najam, Judge.**

## Statement of the Case

The 487 Broadway Company, LLC ("487 Broadway") appeals the trial court's grant of summary judgment in favor of Kimberly K. Robinson, Carol Ann Seaton, Calumet Township of Lake County, and the Calumet Township Board (collectively, "the Township") on 487 Broadway's complaint, which alleged negligence and breach of contract. 487 Broadway raises one dispositive issue for our review, namely, whether the trial court erred when it entered summary judgment in favor of the Township.

We reverse and remand with instructions.

## Facts and Procedural History

In 2016, the Township sought a purchaser for a building it owned. The Township issued a notice in which it invited interested parties to submit bids for the property, which the Township was selling "as is." Appellant's App. Vol. II at 99 (emphasis removed). 487 Broadway successfully bid on the property and agreed to pay $72,100. 487 Broadway then paid the purchase price in full, and the parties scheduled a closing date for January 4, 2017.

After 487 Broadway had paid for the property but prior to the closing date, the Township removed lighted signs that had been affixed to the exterior of the building. The Township also removed pictures and artifacts that had been secured to interior walls. 487 Broadway complained to the Township about

those changes in the condition of the property. The Township denied any wrongdoing, and the parties proceeded to close as scheduled.

[5] On December 10, 2018, 487 Broadway filed a complaint in the trial court in which it alleged that the Township had "caused property damage" to the exterior of the building by "tearing . . . down and remov[ing] large, electrically lighted signs," which caused the building "to look blighted, vandalized, and vacated" and interfered with 487 Broadway's ability to "immediately rent or attract renters" to the building. *Id.* at 37. 487 Broadway further alleged that the Township had removed "historical pictures and artifacts" that were "affixed to the inside walls of the Building," which pictures and artifacts 487 Broadway asserted were fixtures that were part of the building it had purchased. *Id.* Based on that conduct, 487 Broadway asserted that the Township was negligent and that the Township had breached the terms of the contract.

[6] On February 14, 2019, the Township filed a motion to dismiss 487 Broadway's complaint pursuant to Indiana Trial Rule 12(B)(6) and a corresponding memorandum in support of that motion. As to 487 Broadway's negligence claim, the Township asserted that, since 487 Broadway had closed on the property knowing the current condition of the signs, "it accepted the property in its present condition and waived any issues it may have had" concerning the signs. *Id.* at 47. The Township also asserted that it had removed only the inserts from the signs and that its act of removing the inserts did not cause any damage. The Township further alleged that it had not been negligent when it removed the pictures and artifacts from inside the building because those items

were the personal property of the Township and, as such, it did not owe a duty to 487 Broadway to refrain from removing those items. And based on its assertions that it did not cause any damage when it removed the inserts from the signs and that the items from the interior of the building were personal property and not fixtures, the Township also asserted that it did not breach the contract. In support of its motion to dismiss, the Township submitted several exhibits, which included receipts for 487 Broadway's payment of the purchase price, the warranty deed that conveyed the real estate to 487 Broadway, the settlement statement, and the sales disclosure form.

[7] Thereafter, on March 22, the trial court issued an order in which it informed the parties that it would consider the Township's motion to dismiss as a motion for summary judgment, and the court gave 487 Broadway twenty days to file a reply. Twenty-one days later, on April 12, 487 Broadway filed a motion to stay the trial court's treatment of the Township's motion to dismiss as a motion for summary judgment pending discovery. In that motion, 487 Broadway asserted that it needed additional time in order to conduct discovery so that it could present facts in opposition to the Township's motion. 487 Broadway also asserted that the Township's motion "contains no designation of undisputed facts[.]" *Id*. at 68. The trial court found that nothing in 487 Broadway's "response" refuted the facts set out in the Township's motion and corresponding memorandum of law. *Id*. at 13. Accordingly, on April 16, the court granted the Township's motion for summary judgment without a hearing.

[8]	487 Broadway then filed a motion to correct error in which it asserted that the trial court had erred when it granted summary judgment in favor of the Township. In that motion, 487 Broadway alleged in part that the court had erred when it gave 487 Broadway only twenty days to respond to the Township's motion for summary judgment even though Trial Rule 56(C) and the Lake County Local Rules provide that a non-movant for summary judgment shall have thirty days to respond. 487 Broadway also maintained that the historical artifacts and pictures were fixtures, not personal property, and, thus, that the Township had no right to remove them. And 487 Broadway asserted that the Township had caused damage to the building when it "ripped" the exterior sign from the wall. *Id*. at 82. In support of its motion to correct error, 487 Broadway included the affidavit of Janice Carman, a managing partner of 487 Broadway, in which Carman stated that the pictures and artifacts had been "affixed and permanently attached" to the interior walls. *Id*. at 84.

[9]	The trial court held a hearing on 487 Broadway's motion to correct error. Following that hearing, the trial court issued findings and conclusions in which it denied 487 Broadway's motion. 487 Broadway then filed a motion to reconsider and to vacate the order denying the motion to correct error. In support of that motion, 487 Broadway included the affidavit of James Dungy, the former contractor who had installed the pictures and artifacts in the building. In his affidavit, Dungy stated that, when he affixed the items to the walls of the building, he "intended that the pictures and artifacts not be removed from where [he] attached them and that they remain as part of the

Building itself." *Id*. at 121. The trial court found that Dungy's affidavit "does not provide a sufficient basis for the Court to reconsider" its prior orders and denied 487 Broadway's motion to reconsider. *Id*. at 34. This appeal ensued.[1]

## Discussion and Decision

487 Broadway appeals the trial court's denial of its motion to correct error. As this Court has previously explained:

> We review the grant or denial of a Trial Rule 59 motion to correct error under an abuse of discretion standard. On appeal, we will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law.

*Spaulding v. Cook*, 89 N.E.3d 413, 420 (Ind. Ct. App. 2017) (internal citations omitted).

Further, upon reviewing a motion to correct error, this Court also considers the standard of review for the underlying ruling. *Luxury Townhomes, LLC v. McKinley Properties, Inc.*, 992 N.E.2d 810, 815 (Ind. Ct. App. 2013). Our standard of review for summary judgment appeals is well settled. The Indiana Supreme Court has explained that

> [w]e review summary judgment de novo, applying the same standard as the trial court: "Drawing all reasonable inferences in

---

[1] 487 Broadway timely filed its notice of appeal within thirty days after the court denied its motion to correct error.

favor of . . . the non-moving parties, summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (quoting T.R. 56(C)). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Id.* (internal citations omitted).

The initial burden is on the summary-judgment movant to "demonstrate [ ] the absence of any genuine issue of fact as to a determinative issue," at which point the burden shifts to the non-movant to "come forward with contrary evidence" showing an issue for the trier of fact. *Id.* at 761-62 (internal quotation marks and substitution omitted). And "[a]lthough the non-moving party has the burden on appeal of persuading us that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court." *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909-10 (Ind. 2009) (internal quotation marks omitted).

*Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (omission and some alterations original to *Hughley*).

[12]     On appeal, 487 Broadway asserts that the trial court erred when it granted summary judgment in favor of the Township because the trial court gave 487 Broadway only twenty days to respond to the Township's motion for summary judgment and because the Township did not designate any admissible evidence in support of its motion. We address each argument in turn.

### *Time to Respond to Motion for Summary Judgment*

[13]    487 Broadway asserts that the trial court erred when it entered summary judgment in favor of the Township because the court gave 487 Broadway only twenty days rather than thirty days to respond to the Township's motion. And 487 Broadway asserts that that irregularity prevented 487 Broadway from "having its day in court." Appellant's Br. at 15. In other words, 487 Broadway maintains that the court improperly limited its time to respond and designate evidence in opposition to the Township's motion for summary judgment. We must agree.

[14]    Here, the Township filed a motion to dismiss pursuant to Trial Rule 12(B)(6). In support of that motion, the Township submitted several exhibits, which the trial court did not exclude. Rather, the court explicitly relied on those exhibits when it considered the Township's motion. Accordingly, the court properly treated the Township's motion to dismiss as a motion for summary judgment. *See* Ind. Trial Rule 12(B). At that point, the trial court was required to dispose of the motion as provided in Trial Rule 56. *See id*.

[15]    Under Rule 56(C), "[a]n adverse party *shall* have thirty (30) days after service of the motion to serve a response and any opposing affidavits." (Emphasis added.) Our Supreme Court has made clear that the Indiana Trial Rules impose a bright-line rule in summary judgment proceedings. *See State ex rel. Hill v. Jones-Elliott*, __N.E.3d__, No. 19A-PL-588, 2020 WL 762535, at *1 (Ind. Ct. App. Feb. 17, 2020) (quoting *Mitchell v. 10th and The Bypass, LLC*, 3 N.E.3d 967, 973 (Ind. 2014)), *not yet certified*. But the trial court did not give 487 Broadway

thirty days to respond. Rather, in its March 22, 2019, order notifying the parties that it would treat the motion to dismiss as a motion for summary judgment, the court allowed 487 Broadway only twenty days to file its response and any supporting evidence. Under Rule 56(C), the trial court did not have the authority to shorten 487 Broadway's response time to less than thirty days.[2]

[16]  In addition, the trial court ruled on the Township's motion for summary judgment on April 16, only twenty-five days after the court had issued its order that the Township's motion to dismiss would be considered a motion for summary judgment. In other words, not only did the trial court shorten 487 Broadway's response time to less than thirty days, it also ruled on the Township's motion before the thirty-day response period to which 487 Broadway was entitled had expired.

[17]  On April 12, 487 Broadway filed a motion to stay the court's treatment of the motion to dismiss as one for summary judgment, stating that the Township's motion to dismiss was "substantively and procedurally deficient" and "devoid of grounds" for either a 12(B)(6) dismissal or a summary judgment. Appellant's App. Vol. II at 67. In its motion, 487 Broadway requested additional time to conduct discovery. Specifically, 487 Broadway stated that it was unable to present "facts essential to justify its opposition" to the Township's motion to

---

[2] Indiana Trial Rule 56(I) provides that a court may alter any time limit set forth in Rule 56, but the court may only do so upon motion made within the applicable time limit. Here, there was no motion made to shorten the time limit.

dismiss without being granted additional time. Appellant's App. Vol. II at 67-68. On its face, 487 Broadway's motion was a Trial Rule 56(I) motion for additional time to respond, which 487 Broadway made within the applicable thirty-day time limit.

[18] While the purpose of summary judgment is to quickly resolve disputes in which there are no genuine issues of material fact, *Ka v. City of Indianapolis*, 954 N.E.2d 974, 976-77 (Ind. Ct. App. 2011), this Court has previously stated that it "'is generally improper to grant summary judgment when requests for discovery are pending.'" *Smith v. Taulman*, 20 N.E.3d 555, 563 (Ind. Ct. App. 2014) (quoting *Mut. Sec. Life Ins. Co. v. Fidelity & Deposit Co*, 659 N.E.2d 1096, 1103 (Ind. Ct. App. 1995)) (emphasis removed). Here, the court misconstrued 487 Broadway's motion to stay and for additional time as a Trial Rule 56(C) "response" by a non-movant and did not rule on the motion. Appellant's App. Vol. II at 13. Instead, the court entered summary judgment in favor of the Township four days after 487 Broadway had filed its motion to stay and for additional time.

[19] Because the court allowed 487 Broadway only twenty days to respond and because the court did not rule on 487 Broadway's motion to stay and for additional time, the trial court erred when it entered summary judgment for the Township without having allowed 487 Broadway thirty days to respond as provided in Trial Rule 56(C) and without having ruled on its request for additional time to conduct discovery.

### *Exhibits in Support of Motion for Summary Judgment*

[20]     Since it may be an issue on remand, we next address 487 Broadway's assertion that the court erred when it entered summary judgment in favor of the Township because the Township's motion for summary judgment "did not meet the Rule 56(C) requirements." Appellant's App. Vol. II at 78. Specifically, 487 Broadway asserts that the Township did not designate any "affidavits or other designated documents which would be admissible under the Indiana Rules of Evidence" to "establish that there is no genuine issue of material fact and that judgment is proper for [the Township] as a matter of law[.]" Appellant's Br. at 13.

[21]     Indiana Trial Rule 56 permits parties to submit affidavits and evidence in support of their motions for summary judgment. That rule states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Ind. Trial Rule 56(E). "Thus, in ruling on a motion for summary judgment, the trial court will consider only properly designated evidence which would be admissible at trial." *Zelman v. Capital One Bank (USA) N.A.*, 133 N.E.3d 244, 248 (Ind. Ct. App. 2019). "Unsworn statements and unverified exhibits do not qualify as proper Rule 56 evidence." *Seth v. Midland Funding, LLC*, 997 N.E.2d

1139, 1141 (Ind. Ct. App. 2013). Further, neither arguments of counsel nor allegations in memoranda qualify as evidentiary material for purposes of a motion for summary judgment. *McCullough v. CitiMortgage, Inc.*, 70 N.E.3d 820, 825 (Ind. 2017).

[22] On appeal, 487 Broadway maintains that the only evidence the Township designated consisted of several exhibits, all of which were unverified. And 487 Broadway contends that, because the Township did not designate any verified exhibits in support of its motion, the Township did not meet its burden as summary judgment movant to show the absence of any genuine issue of material fact. We must agree with 487 Broadway.

[23] In support of its motion for summary judgment, the Township designated as evidence the following: copies of checks and receipts showing that 487 Broadway had paid for the building, a copy of the warranty deed showing 487 Broadway as the new owner of the building, a copy of the closing settlement statement, and a copy of the sales disclosure form. However, none of those exhibits were admissible. Indeed, the Township did not include any affidavit by a person qualified to authenticate the exhibits. Nor were any of those documents self-authenticating. *See* Ind. Evidence Rule 902. Accordingly, the exhibits were not proper Rule 56 evidence, and the court erred when it considered them. *See Seth*, 997 N.E.2d at 1143.

[24] As the Township did not designate any admissible evidence, we hold that it has failed as a matter of law to make a *prima facie* case that it was entitled to

summary judgment on 487 Broadway's complaint. And, because the Township did not meet its burden as summary judgment movant to demonstrate the absence of any genuine issue of material fact, the burden never shifted to 487 Broadway to show the existence of genuine issues of material fact precluding summary judgment. We therefore hold, again, the trial court erred when it entered summary judgment in favor of the Township.

## *Conclusion*

[25] In sum, the trial court misapplied the law when it gave 487 Broadway only twenty days to respond to the Township's motion for summary judgment, when it mischaracterized 487 Broadway's motion to stay pending discovery as a Trial Rule 56(C) "response," and when it did not rule on 487 Broadway's motion to stay and for additional time to conduct discovery. Further, the Township did not designate any evidence in support of its motion for summary judgment that would be admissible at trial. Accordingly, we hold that the trial court erred when it entered summary judgment in favor of the Township and that the court abused its discretion when it denied 487 Broadway's motion to correct error. We therefore reverse the entry of summary judgment, and we remand this case to the trial court with instructions for the court to vacate all orders subsequent and relevant to the Township's motion to dismiss. Should the Township submit a motion for summary judgment that complies with Trial Rule 56(C), including the proper designation of evidence and undisputed material facts, we further instruct the court to allow 487 Broadway, as the nonmovant, a full thirty days to respond.

Reversed and remanded for further proceedings.[3]

Riley, J., and Brown, J., concur.

---

[3] 487 Broadway also asks us to direct the trial court to enter partial summary judgment in its favor on the issue of whether the exterior signs and interior photographs and artifacts are fixtures. However, we decline to address this issue in that 487 Broadway did not file a motion for summary judgment in the trial court. If 487 Broadway believes that it is entitled to partial summary judgment, it may file a motion with the trial court, at which point the Township will have a chance to respond as it deems appropriate.